(83 App. Div. 426.)

STOLTS v. TUSKA et al.

(Supreme Court, Appellate Division, First Department. May 8, 1903.)

1. LEASES—USE OF ADJOINING LAND—DEATH OF GRANTOR—PARTIES—ADMINIS-
TRATORS.
    Where, in an action against plaintiff's landlord and his subsequent
lessees of certain land adjoining a navigable river, to locate and define
plaintiff's right of way over land leased to such subsequent tenants, and
his right to use a dock under his lease, no damages were demanded
against the lessor, his administrators were not proper parties to the suit
on his death pendente lite.

2. SAME—CONVEYANCE OF LAND—JOINDER OF GRANTEE.
    Where deceased leased certain land adjoining a navigable river to
plaintiff, with the right to use a dock and other land subsequently leased
to others, and shortly before his death conveyed the entire premises
to his wife, she was a proper party to a suit to determine plaintiff's
rights over the land subsequently leased, though all of the leases expired
at the same time, since the subsequent leases might be surrendered or
otherwise terminated before the period specified therein.

Appeal from Special Term, New York County.

Action by Julius W. Stolts, as president of J. & J. W. Stolts, an
association, against Morris Tuska and others. From an order deny-
ing plaintiff's motion to make Julia Tuska, in her individual capacity,
and herself and another as administrators of defendant Morris Tuska,
deceased, parties defendant, plaintiff appeals. Modified.

Argued before VAN BRUNT, P. J., and McLAUGHLIN.
O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Charles M. Demond, for appellant.
Benjamin Tuska, for respondents.

LAUGHLIN, J. When this action was commenced, Morris Tus-
ka, since deceased, owned a tract of land fronting on East river, ex-
tending from 105th to 106th streets. He had leased a strip off the
westerly side to the plaintiff, together with a right of access to and
use of the dock on the remaining premises. After the lease to the
plaintiff had been made and recorded, his landlord leased the south-
erly half of the premises lying between those leased to the plaintiff
and the river to the defendant Jackson, and thereafter leased the north-
erly half to the defendant Wright; making no reference to the reser-
vation of the plaintiff's easements. The plaintiff asserted under his
lease a right of way over the premises subsequently leased to Jackson
and Wright to and from the dock, and a right to use the dock. The
right of way had been disputed by Tuska before making the other
leases, and was afterwards denied by him and his subsequent tenants,
and they also denied plaintiff's right to use the dock. This action was
brought against the landlord and his subsequent tenants to establish,
locate, and define plaintiff's right of way and right to use the dock,
and to enjoin the defendants from obstructing him in using the right
of way and dock.

No damages are demanded against Tuska, and his personal estate
cannot be affected by the judgment. The motion to bring in his ad-
ministrators was therefore properly denied.

Tuska, shortly before his death, conveyed all the premises to Julia Tuska, his wife. The leases all expire at the same time, and hence it is contended that the judgment will operate only upon the leasehold estates, and that Tuska's grantee is neither a necessary nor a proper party. The leases of the defendants may be surrendered, canceled, or otherwise terminated before the expiration of the period specified. In that event a judgment establishing or defining plaintiff's rights, either as to the right of way or to the use of the dock, would not be binding upon Mrs. Tuska, since she does not derive her rights through the tenants. Consequently she is a proper party. The rights of the plaintiff under his lease should be finally adjusted as to all parties in interest, and, to that end, Julia Tuska should have been brought in.

It follows, that the order should be modified by granting the plaintiff's motion for leave to serve a supplemental summons and complaint making Julia Tuska a party defendant, and, as thus modified, affirmed, without costs. All concur.